**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

By Ancillary Jurisdiction to Civil Action No. 1:25-cv-10476-LTS

---

In re Mikhael El-Bayeh,

*Petitioner*.

---

MIKHAEL EL-BAYEH

*Petitioner–Plaintiff*,

v.

GEOFFREY D. NOBLE, IN HIS OFFICIAL CAPACITY AS COLONEL OF THE MASSACHUSETTS DEPARTMENT OF STATE POLICE; MICHAEL P. SIERRA, IN HIS INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY AS A UNIFORMED MEMBER OF THE MASSACHUSETTS DEPARTMENT OF STATE POLICE; JONATHAN GULLIVER, IN HIS OFFICIAL CAPACITY AS HIGHWAY ADMINISTRATOR OF THE MASSACHUSETTS DEPARTMENT OF TRANSPORTATION; COLLEEN OGILVIE, IN HER OFFICIAL CAPACITY AS REGISTRAR OF MOTOR VEHICLES; MARIAN T. RYAN, IN HER OFFICIAL CAPACITY AS MIDDLESEX COUNTY DISTRICT ATTORNEY

*Respondents–Defendants*.

---

**PETITIONER-PLAINTIFF'S EMERGENCY PETITION FOR WRIT OF INJUNCTION IN AID OF FEDERAL JURISDICTION PURSUANT TO 28 U.S.C. § 1651 DIRECTED TO NON-PARTY MASSACHUSETTS APPEALS COURT**

---

Mikhael El-Bayeh, *pro se*
10 Dewey Ave
Woburn, MA 01801
508-789-2605
mikhael.e@gmail.com

I.   **RELIEF SOUGHT**

Petitioner-Plaintiff Mikhael El-Bayeh hereby petitions this Court for an emergency writ of injunction directed to non-party Massachusetts Appeals Court ("MAC") pursuant to the All Writs Act, 28 U.S.C. § 1651.  El-Bayeh seeks a writ directing the MAC to stay proceedings, unless and until such further order of this Court, in the related pending state-court case State Police Concord v. Mikhael El-Bayeh, No. 2023-P-0675 (Mass. App. Ct. filed June 12, 2023).  This petition is appropriately now brought and on an emergency basis due to (1) a change in circumstances whereby the related proceedings are now ripe for final disposition, which may irreparably destroy federal jurisdiction over the underlying civil action, and (2) the exhaustion of alternative avenues for relief.

II.   **THE COURT HAS THE AUTHORITY TO GRANT A WRIT TO PROTECT ITS JURISDICTION OVER THE UNDERLYING CIVIL ACTION**

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  "As the text of the All Writs Act recognizes, a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy."  U.S. v. Denedo, 556 U.S. 904, 911 (2009).  "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts' statutory or constitutional *power* to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis in original).  When a federal court has jurisdiction, it also has a "virtually unflagging obligation . . . to exercise" that authority.  Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976).

The All Writs Act is subject to the Anti-Injunction Act, which provides that federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by

Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  "[I]t is beyond dispute that . . . section 1983 claims come within an 'express' exception to section 2283." Casa Marie, Inc. v. Superior Ct. of Puerto Rico for Dist. of Arecibo, 988 F.2d 252, 261 (1st Cir. 1993), citing Mitchum v. Foster, 407 U.S. 225, 240–241 (1972) (emphasis omitted).  "There is no requirement that an independent jurisdictional basis be shown; the district court's jurisdiction to issue an injunction under the exceptions in section 2283 is ancillary to its jurisdiction in the underlying case." James v. Bellotti, 733 F.2d 989, 993 (1st Cir. 1984).  The Court has broad authority to intervene at any stage of the state-court proceedings. See Hill v. Martin, 296 U.S. 393, 403 (1935).

### III.  RELEVANT FACTS, CIRCUMSTANCES, AND PROCEDURAL HISTORY

The underlying civil action was initially filed on February 27, 2025.  (Doc. No. 1)[1].  El-Bayeh subsequently filed the operative Amended Complaint.  (Doc. No. 24).  At the time of initial filing, a related action, State Police Concord v. Mikhael El-Bayeh, No. 2023-P-0675 (Mass. App. Ct. filed June 12, 2023), was pending in the MAC and remains pending.  The MAC case is a direct appeal from an adverse judgment entered by the Woburn District Court in a remedial action initiated by El-Bayeh pursuant to G. L. c. 90C, § 3(A)(4).  AC at ¶¶170–179 (Doc. No. 24 at 32–34) ("CMVI Appeal").  In the CMVI Appeal, El-Bayeh is challenging the finding of responsibility for an alleged speeding violation, and thereby his liability for the resulting civil assessment.  The originating claim against El-Bayeh was for a scheduled assessment of $175, before being reduced by the Woburn District Court to $105, the imposed assessment now at issue in both fora.  AC at ¶¶28, 32, 176 (Doc. No. 24 at 7, 34); (Doc. No. 24-12).

---

[1] Citations herein to "Doc. No. __" refer to documents appearing on the Court's electronic docketing system ("ECF") in the underlying civil action; pincites are to the page numbers in the ECF header.  "AC" refers to the Amended Complaint (Doc. No. 24).

As detailed in the underlying Amended Complaint, El-Bayeh is seeking injunctive relief in this Court which would relieve him of his future obligation to remit the imposed assessment to Respondent-Defendant Ogilvie. Currently, the $105 remains in El-Bayeh's possession and control by operation of state statute. G. L. c. 90C, § 3(A)(4), ninth par. ("The violator's obligation to pay such imposed assessment shall automatically be stayed during the pendency of any . . . subsequent appeal to an appellate court.").

Prior to the filing of the instant petition, the MAC case was not yet ripe for final disposition as briefing was incomplete. On December 1, El-Bayeh's reply brief was accepted for filing by the MAC. Exhibit 1 (acceptance email). Critically, this event has caused a change in circumstances whereby a final[2] disposition of the state-court case may now occur at any time. If the MAC affirms, the stay of obligation automatically terminates "twenty days [from] the date . . . the appellate court renders a decision that is adverse to the violator and that has not been further appealed." G. L. c. 90C, § 3(A)(4), ninth par.[3,4]

---

[2] No further appeal is available as a matter of right. G. L. c. 211A, § 11. A party may not apply for leave to obtain further appellate review absent "substantial reasons affecting the public interest or the interests of justice." Mass. R. A. P. 27.1(a), as appearing in 481 Mass. 1657 (2019). El-Bayeh is unable to adequately assess whether or not he would have grounds for such an application unless and until the MAC issues an adverse decision, and it is not possible to predict whether or not the Supreme Judicial Court ("SJC") would grant such an application if filed. Thus, for present purposes, an affirmance by the MAC would be effectively final.

[3] It is important to note that the termination occurs without any further action by the MAC, casting doubt on the possibility of any meaningful injunctive relief to stay proceedings post-affirmance.

[4] Another presently possible but unlikely scenario is the SJC *sua sponte* transferring the MAC case under its appellate jurisdiction. G. L. c. 211A, § 12. It is El-Bayeh's position that a new petition for a writ of injunction to stay proceedings in that court could be appropriately brought, as needed, if and when such further proceedings commence.

For the reasons explained below, a termination of the statutory stay of obligation has grave implications for federal jurisdiction over the underlying matter, requiring the Court's urgent attention.

IV.     **REASONS WHY THE WRIT SHOULD ISSUE**

"[A] federal court always has jurisdiction to determine its own jurisdiction." Brownback v. King, 592 U.S. 209, 218 (2021).  A "District Court ha[s] the power to preserve existing conditions while . . . determining its own authority to grant injunctive relief." U.S. v. United Mine Workers of Am., 330 U.S. 258, 293 (1947).  See U.S. v. Shipp, 203 U.S. 563, 573 (1906).  "Both exceptions to the general prohibition of § 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970).

The question of the Court's authority to issue injunctive relief against official capacity Respondents-Defendants under 42 U.S.C. § 1983 is currently pending before the Court[5]. Regardless of how the Court decides the question, there can no doubt that the Court is entitled exercise its jurisdiction to decide it, as El-Bayeh has more than met the low bar of raising an arguable basis for subject-matter jurisdiction. Steel Co., *supra*.  However, if the MAC is allowed to proceed, and if by doing so causes El-Bayeh to remit the imposed assessment, it will destroy the Court's subject-matter jurisdiction to do just that.

---

[5] Trooper Michael P. Sierra's Motion to Dismiss (Doc. No. 16); Defendants Massachusetts State Police, Colleen Ogilvie in her Official Capacity as Registrar of Motor Vehicles, and Marian T. Ryan in her Official Capacity as Middlesex County District Attorney's Motion to Dismiss Plaintiff's Complaint (Doc. No. 20); Plaintiff's Motion for Preliminary Injunction (Doc. No. 37).

This is because once the imposed assessment is surrendered to the Commonwealth, a federal court is powerless to order it returned. Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002) (Ex parte Young exception to Eleventh Amendment sovereign immunity bar only applies to prospective relief); Cotto v. Campbell, 126 F.4th 761, 771 (1st Cir. 2025), petition for cert. filed, No. 24-1307 (U.S. June 18, 2025) ("an injunction requiring the payment of money from the state treasury would be impermissibly retrospective"). It follows that remittance would strip the Court of its present jurisdiction because "[i]t has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. U.S., 506 U.S. 9, 12 (1992), quoting Mills v. Green, 159 U.S. 651, 653 (1895). Simply put, if the assessment is remitted, there would no longer be a controversy for a federal court to adjudicate between El-Bayeh and official-capacity Respondents-Defendants, because, at that moment, the possibility of redress vanishes—and with it an irreducible jurisdictional element. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–561 (1992). Therefore, the Court should act to maintain the status quo by ensuring that the statutory stay of obligation remains in effect, thereby protecting the federal jurisdiction of this Court, and any reviewing court, over El-Bayeh's civil rights claims.

El-Bayeh further raises that he has brought this petition only after having exhausted alternative avenues for relief. See Clinton v. Goldsmith, 526 U.S. 529, 537 (1999) (All Writs Act "not generally available to provide alternatives to other, adequate remedies at law."). First, El-Bayeh has fully availed himself of the available limited state-court remedy for relief from the assessment via the CMVI Appeal process. Second, El-Bayeh moved for a stay of proceedings in the MAC due to the pendency of the underlying civil action promptly post-filing, which the MAC

summarily denied. AC at ¶¶192–193 (Doc. No. 24 at 37). Third, El-Bayeh has moved for preliminary injunctive relief under Fed. R. Civ. P. 65(a) against official-capacity Respondents-Defendants which, if granted as requested, would have the effect of protecting federal jurisdiction for the duration of the proceedings. (Doc. No. 37). As of now, none of these alternative avenues for relief have obviated the urgent need for the writ.

## CONCLUSION

The Court should grant the petition for writ of injunction to stay the related proceedings in the Massachusetts Appeals Court.

Respectfully Submitted,

/s/ Mikhael El-Bayeh

_____

Mikhael El-Bayeh
10 Dewey Ave
Woburn, MA 01801
*pro se*
508-789-2605
mikhael.e@gmail.com

Date: December 1, 2025

## CERTIFICATE OF SERVICE

    I, Mikhael El-Bayeh, hereby certify that I have this day, December 1, 2025, served the foregoing Petition and Exhibit upon all counsel of record for Respondents-Defendants via the ECF system.  Non-Party Massachusetts Appeals Court will be served process and proof of service will be filed in due course.

/s/ Mikhael El-Bayeh

_____
Mikhael El-Bayeh
10 Dewey Ave
Woburn, MA 01801
*pro se*
508-789-2605
mikhael.e@gmail.com